**Myron CANADY, Appellant,**

v.

**WAL–MART STORES, INC., Appellee.**

**No. 05–1137.**

United States Court of Appeals, Eighth Circuit.

May 30, 2006.

Judge MURPHY, Judge BYE, Judge MELLOY, and Judge SMITH would grant the petition for rehearing en banc.

Judge ARNOLD, Judge GRUENDER, and Judge BENTON did not participate in the consideration or decision of this matter.

LAY, Circuit Judge.

Although I was a member of the original panel, I am a senior circuit judge and, therefore, cannot cast a vote for rehearing en banc or dissent from the denial of the petition for rehearing en banc.

Wal–Mart Assistant Manager Paul Smith, a Caucasian, repeatedly called Canady a "lawn jockey" and used the word "nigger" in front of Canady and other employees. In Smith's initial meeting with Canady, he described his management style as that of a "slave-driver." On one occasion, Smith remarked to Canady, "What's up my nigga?" in an attempt to make a joke by quoting a line from a movie. Smith also told Canady and another African–American employee that a black man's skin color rubs off when he sweats. Finally, Smith remarked to an African–American employee that "African–Americans all look alike."

The defendant hides behind an apology Smith made to Canady for one inappropriate comment. I know of no Supreme Court decision, nor any decision from our court, where a singular apology reduced what was otherwise severe and pervasive racial harassment to an unactionable level. Smith's repeated use of humiliating racial epithets both before and after his apology renders the apology, in effect, meaningless.

If a baseball player harassed an umpire over a called strike, thereafter apologized, but once again swore at the umpire, there can be little question that the umpire would eject the ballplayer from the game. This is exactly what happened here. The apology meant nothing since the harrassment occurred before and after Smith's apology.